IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–27–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DUANE ANDREW JONES, | |
| Defendant. | |

On March 23, 2021, the Court held a hearing pursuant to 18 U.S.C.

§ 4241(d)(2).  For the reasons outlined below, the Court determines that Jones'

continued confinement for a period of 120 days at MCFP Springfield is

"reasonable" because there is a "substantial probability that within [this] additional

period of time he will attain the capacity to permit the proceedings to go

forward[.]"

## BACKGROUND

As outlined in the Court's order denying Jones' motion to dismiss the

indictment, Jones was indicted on two counts of making a false statement in

connection with a firearms transaction, in violation of 18 U.S.C. §§ 922(a)(6) and

924(a)(1)(A) respectively on November 7, 2019.  (Doc. 1.)  On November 19,

1

2019, Jones was arrested in Colorado and then transferred to Montana.  (Doc. 6.)
Jones' initial trial was set for February 18, 2020.  (Doc. 13.)

On December 23, 2020, United States Magistrate Judge Kathleen L. DeSoto
held a detention hearing and detained Jones after concluding that he posed a danger
to the community and presented a flight risk.  (Doc. 19 at 2.)  Jones subsequently
moved for a continuance of his trial, which the Court granted and reset for March
16, 2020.  (Doc. 24.)

Shortly before trial, Jones filed an unopposed motion for a competency
determination.  (Docs. 30, 31.)  The Court ordered Jones into the custody of the
Attorney General for an evaluation, and Jones arrived at FDC SeaTac on March
26, 2020 for that purpose.  (Doc. 34.)  Jones' evaluation was complete as of June
24, 2019.  (Doc. 35.)

Upon reviewing the findings of Dr. Ryan Nybo, a forensic psychologist, the
parties stipulated that Jones was not presently competent to stand trial.  (Doc. 37.)
On July 6, 2020, pursuant to 18 U.S.C. § 4241(d), the Court found by a
preponderance of the evidence that Jones "suffers from a mental disorder or
disease . . . which would substantially impair his present ability to understand the
nature and consequences of the court proceedings brought against him, and
substantially impair his ability to assist counsel in his defenses."  (Doc. 38 at 1.)
The Court ordered that Jones be returned to the custody of the Attorney General to

be hospitalized for treatment "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he [would] attain the capacity to permit his trial to proceed." (*Id.* at 3.)

After an initial delay in starting treatment due to a shortage of available beds at the Bureau of Prisons' treatment facilities, Jones began treatment on November 5, 2020. Four months have now passed. Consequently, Jones brought a motion for a hearing to clarify his status. (Doc. 46.) The Court granted this request and scheduled a hearing. (Doc. 48.) The Court specifically requested to hear from Jones' treating psychologist. (*Id.*) In advance of the hearing, the Court received an unofficial copy of a forensic psychological report prepared by Dr. Ashley K. Christiansen who, in consult with others, has been treating Jones since his arrival at MCFP Springfield. (Doc. 55.)

On March 23, 2021, the Court heard from testimony from Dr. Christiansen and Jones himself. The Government and counsel for Jones were also present.

### DISCUSSION

After four months of treatment, Dr. Christiansen is of the opinion that Jones continues to suffer from a mental disease that impairs his competency to proceed with his criminal case. However, she believes his prognosis is positive based on the progress he has already shown on his antipsychotic medication. Based on her

3

belief that, with a little more time to dial in his medication, Jones could become competent to properly assist in his defense, she asks for the Court to extend Jones' treatment period for an additional 120 days.  This is the Government's position as well.

At the hearing it became clear that Jones opposes his continued confinement for restoration treatment because he asserts he has already regained the capacity necessary to permit the proceedings against him to go forward.  Jones would like to return to Montana to face the charges against him.

As a result of the Court's finding that Jones was incompetent to stand trial (Doc. 38), Jones was committed to the custody of the Attorney General for evaluation and treatment pursuant to 18 U.S.C. § 4241(d).  At this time, the Court lacked discretion to do anything other than commit Jones for a "reasonable period of time, not to exceed four months" for an evaluation to determine whether he could regain capacity.  *United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008).  Now that this evaluation period is complete, the question is whether an additional treatment period is warranted under § 4241(d)(2)(A).  *See id.* at 405–06. An "additional reasonable" restorative-treatment period is authorized only "if the [C]ourt finds that there is a substantial probability that within such additional period of time [Jones] will attain the capacity to permit the proceedings to go forward[.]"  18 U.S.C. § 4241(d)(2)(A).

4

Jones' treating psychologist clearly believes that Jones will benefit from additional time.  Dr. Christiansen is of the opinion that Jones is not currently competent to stand trial.  However, based on Jones' progress on medication so far, she is optimistic that he can regain the competency within a matter of months, and so she requests an additional 120 days to treat him.

Jones seeks to avoid further restorative treatment based on his assertion that he is already competent, but he does not anchor his argument in any expert opinion.  Although the Court is authorized to make the ultimate determination regarding a defendant's competency, § 4241 provides the Court with the benefit of an expert at every step.

For example, before making an initial determination as to whether a defendant is incompetent, "the court may order that a psychiatric or psychological examination of the defendant be conduct, and that a psychiatric or psychological report be filed with the court[.]"  § 4241(b).  Similarly, in the normal course of events, the process of discharging a defendant from treatment based on competency is initiated by the "director of the facility" who is instructed to file a "certificate" of competency with the Court.  § 4241(e).

Although the Court is not *required* to rely on an expert opinion, the Ninth Circuit has determined that "the overarching purpose of commitment under § 4241(d) is to enable medical professionals to accurately determine whether a

criminal defendant is restorable to mental competency." *United States v. Strong*, 489 F.3d 1055, 1062 (9th Cir. 2007).  Moreover, the Second Circuit has recognized that the cases in which a defendant opposes an additional period of treatment, are likely to be the "very ones" in which an assessment of prognosis and competency is not straightforward and therefore requires "careful and thorough § 4241(d)(1) evaluations." *Magassouba*, 544 F.3d at 408.  The court noted that "[t]o present effective opposition" to additional confinement in such a case,

> defense counsel will [likely] need time to review the BOP record, to consult with the defendant, and to retain one or more independent mental health professionals. Those experts may, in turn, need time to examine the defendant, to review BOP records for themselves, and to prepare their own evaluations of defendant's ability to attain competency.

*Id.* at 406.

Again, this is not to say that expert testimony is *required* for a defendant to effectively oppose an additional period of treatment under § 4241(d)(2)(A) when such treatment has been recommended by a defendant's treating psychologist.  The Court merely recognizes that the process of determining competency is typically one that requires "careful and accurate" evaluation.  *See Strong*, 489 F.3d at 1062.

Here, such "careful and accurate" evaluation and diagnosis has been provided to the Court by Dr. Christiansen.  When it comes to matters of diagnosis and treatment, Jones has not effectively called any of Dr. Christiansen's opinions into question.  Although the Court appreciates Jones' desire to expedite the

resolution of his case by returning to Montana to face the charges against him, the Court cannot disregard Jones' fundamental right not to be tried or convicted while incompetent. *United States v. Wingo*, 789 F.3d 1226, 1235 (11th Cir. 2015).  Dr. Christiansen's testimony and unofficial report make clear that she has significant concerns that Jones' delusions and disorganized thinking presently compromise his ability to properly assist counsel in his defense—notwithstanding Jones' protestations to the contrary.  While no one disputes that Jones now possesses a basic understanding of the criminal process—which is certainly one aspect of competency—Jones has not convinced the Court that merely understanding the role of the judge, jury, defense counsel, and the burden of proof (to the extent he understood it) is sufficient to ensure that Jones' fundamental rights will be protected as he proceeds with his case.

Having reviewed all the information before it and the arguments of counsel, the Court finds that, based on the testimony of Dr. Christiansen, "there is a substantial probability" that with an additional 120 days of treatment "Jones will attain the capacity to permit the proceedings to go forward."  In making this finding, it is not a foregone conclusion that Jones will remain at MCFP Springfield for the full 120 days in the event he regains capacity sooner.  Section 4241(e) expressly contemplates the procedure for a defendant who regains competency.

Other avenues may be available to Jones as well. *See Magassouba*, 544 F.3d at 406–07. Accordingly,

IT IS ORDERED that Jones shall remain in the custody of the Attorney General for an additional period of time, not to exceed 120 days, as reasonable for Jones to regain capacity to permit the proceedings to go forward.

IT IS FURTHER ORDERED that:

1. The medical personnel supervising Jones' treatment shall produce a brief status report every 30 days summarizing Jones' condition, progress, and course of treatment.

2. Said status report, as well as any additional or final reports on Jones' medical or psychological condition, shall be disclosed to defense counsel and the Assistant United States Attorney and filed with this court under seal.

DATED this 23rd day of March, 2021.

Dana L. Christensen, District Judge
United States District Court

8