IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–27–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DUANE ANDREW JONES, | |
| Defendant. | |

On June 9, 2021, the Court held a competency hearing pursuant to 18 U.S.C. § 4241(d)(2) in Defendant Duane Andrew Jones's case. The Court heard testimony from Forensic Psychologist Ashley K. Christiansen following her report which relays her belief that Jones has been restored to competency. At the hearing, Dr. Christiansen reiterated that, as a result of the five months Jones has spent in treatment, he now has the mental capacity to understand the legal proceedings against him and to assist an attorney in preparing his defense. Dr. Christiansen also indicated that if Jones continues his medication, his competency will likely be maintained. Jones is currently receiving a monthly injectable medication and a daily oral dose.

Under 18 U.S.C. § 4241(e), after "the director of the facility in which a defendant is hospitalized . . . determines that the defendant has recovered to such

an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense . . . the court shall hold a hearing" to determine whether the defendant is competent to proceed to trial. Under 18 U.S.C. § 4247(d), the defendant must be represented by counsel at the hearing, be allowed to testify, present evidence, and confront and cross-examine witnesses. To find a defendant competent after such a hearing, the Court must find, by a preponderance of the evidence, that the defendant (1) "has sufficient present ability to consult with his lawyer to a reasonable degree of rational understanding" and (2) "has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396–97 (1993). The defendant must have the "capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th Cir. 1997).

After hearing the testimony of Dr. Christiansen and carefully reviewing her report, the Court finds Jones competent by a preponderance of the evidence. Notably, Dr. Christiansen has maintained since her mid-March report that Jones possesses a factual understanding of the nature of the charges and proceedings against him. The Court has no reason to doubt this. As of mid-March, however, Dr. Christiansen did not believe Jones was competent because she was concerned

that his delusional thinking interfered with his ability to assist counsel and make informed decisions about his case. At that time, Jones had a motion for new counsel pending before the Court. Since increasing Jones's antipsychotic medication dosage in early April, Dr. Christiansen now observes that Jones's delusional thoughts no longer seem to impact his ability to cooperate with his attorney and rationally consider his options.

Since Dr. Christiansen issued her most recent report, Jones (upon the advice of counsel), has made the important decision to change his plea from guilty to not guilty. Although this decision is not significant in the Court's analysis of Jones's competency *per se*, it implies that Jones and counsel are working together. It also implies counsel's confidence that Jones possesses a factual understanding of his case and is capable of reasoned decisionmaking. Moreover, at the hearing, Jones expressed his desire to withdraw his motion for new counsel, which further indicates that Jones and his attorney are effectively working together in pursuit of the best outcome for him. Based on Dr. Christiansen's opinion and the Court's own observations, the Court is convinced that Jones now has a "present ability to consult with his lawyer to a reasonable degree of rational understanding." *Godinez*, 509 U.S. at 396–97.

The Court is also convinced of Jones's ability to maintain his competency through the resolution of his case. Although Jones is overdue for his injectable

medication by a matter of weeks *due to no fault of his own*, Jones has been diligent in taking his daily medication. Dr. Christiansen explained that upon being discharged from FMC Springfield, she no longer has the ability to prescribe his medication. That Jones's prescription for the injectable lapsed while he was in transport appears to be an administrative oversight. Dr. Christiansen also explained that while his monthly dose is therapeutic for 4 weeks, it would maintain residual effect for some weeks after—although she warned that Jones will likely decompensate if he waits too long before his next shot. Jones and counsel assured the Court that they are actively pursuing a prescription, and the Court has every confidence this issue will be resolved in short order.

Also present at the hearing were Jones's sister and brother-in-law, both of whom have taken an active and supportive role in every aspect of Jones's case. Jones's family has assured the Court that upon release, they will undertake every effort to ensure Jones maintains his medication regimen. Accordingly,

IT IS ORDERED that Jones is competent to proceed.

DATED this 9th day of June, 2021.

Dana L. Christensen, District Judge
United States District Court