IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–27–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DUANE ANDREW JONES, | |
| Defendant. | |

Before the Court is Defendant Duane Andrew Jones's Unopposed Motion for Early Termination of Supervision. (Doc. 91.) The United States does not oppose. (*Id.* at 1–2.) Likewise, United States Probation Officer Kendall Ridgley does not object to Defendant's early termination of supervision. (*Id.* at 2.) For the reasons below, the Court grants the motion.

**Background**

On October 5, 2021, Defendant was sentenced for a violation of 18 U.S.C. § 924(a)(1)(A). (Doc. 84.) The Court sentenced Defendant to time served, followed by three years of supervised release. (*Id.*) Defendant began serving his term of supervision on October 5, 2021. (Doc. 92 at 2.) Defendant violated his conditions of supervised release by consuming marijuana on August 15, 2022; he has otherwise been in compliance with the terms of his supervision. (*Id.*)

1

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3564.  These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has been successful over the course of his 32 months of supervision.  (*Id.* at 3.) Defendant has participated in mental health counseling and is compliant with all his medications.  (*Id.*)  Defendant wishes to move back to Indiana to live with his family who can provide him with financial and emotional support (*Id.*)  The Court

is encouraged by Defendant's success and believes Defendant can live a lawful and productive life without supervision.

Thus, weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 91) is GRANTED.  Duane Andrew Jones's term of supervised release is TERMINATED as of the date of this Order.

DATED this 12th day of June, 2024.

_____
Dana L. Christensen, District Judge
United States District Court